SAWYER v. MEYER ET AL.

1. **Street:** VACATION OF: BURDEN OF PROOF. In an action to enjoin the vacation of a street the plaintiff has the burden to establish the fact that he has rights which are abridged thereby.

*Appeal from Winneshiek Circuit Court.*

TUESDAY, DECEMBER 12.

ACTION in equity to set aside the vacation of a street and to enjoin defendants from obstructing the same. The facts are stated in the opinion. Decree for plaintiff; defendants appeal.

*L. Bulis*, for appellant.

*G. L. Faust*, for appellee.

ADAMS, J.—The plaintiff is the owner of certain lots in Brooks' second addition to the town of Ossian, Winneshiek county. The defendant, Meyer, is the proprietor of a part of said addition, and on the 5th day of January, 1874, he vacated the same, including a part of a street called Brooks street. Several lots in the addition had been sold to different persons,

but none of them joined in the instrument of vacation, and the plaintiff claims that his rights and privileges in the addition were abridged and destroyed by the vacating of a part of said Brooks street. The defendant, Hening, is a grantee from Meyer of a part of the street.

The question in this case is as to whether the plaintiff's rights or privileges were abridged or destroyed, as he alleges.

1. STREET: vacation of: burden of proof.

The testimony was given in reference to the plat of the addition, which the witnesses had before them, and which plat does not appear to have been introduced in evidence. Without it, the testimony is for the most part unintelligible. The plaintiff does, however, say: "It is a direct line to my pasture; I can go to my stock-yards through here, otherwise I would have to go around."

Assuming that the plaintiff is testifying in regard to Brooks street, we get a definite idea. He means to say that he needs the street in question to travel upon in going to his pasture and stock yards. But we are still in the dark upon a vital point in the case. Did he own the pasture and stock yards when the street was vacated? The defendants claim that he did not. The evidence does not show what the fact is. The burden is upon the plaintiff to prove that he had rights at the time the street was vacated which were abridged by such vacation; but the evidence does not show that he owned any land inside or outside of the addition at that time. He does indeed say, "I built here two years ago last April." He means, we think, in April, 1873. But building a house is hardly evidence of the ownership of the land on which it is built.

The evidence fails to satisfy us that the plaintiff had rights as the proprietor of a lot or lots in said addition which were abridged by the vacation of the street.

REVERSED.